

Elbert V. Pollan, Charles A. Dickerson, Rosenberg, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is assault with intent to rape; the punishment, 50 years.

The indictment returned May 13, 1957, alleged that appellant, on or about the 21st day of January, A.D. 1957, did unlawfully make an assault upon the prosecutrix, a woman therein named, with the intent to commit the offense of rape upon her by then and there, without her consent, attempting by force, threats and fraud to have carnal knowledge of her.

On May 22, 1957, appellant waived a jury and pleaded guilty to the charge in the indictment and after hearing the evidence the trial judge entered judgment and pronounced sentence against him, his punishment having been assessed by the court at 50 years in the penitentiary. Appellant did not appeal.

On January 4, 1965, judgment was rendered in the District Court of the United

---

**Clifton JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38343.**

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

States for the Eastern District of Texas upon the basis of the holdings of this Court in Bennett v. State, Tex.Cr.App., 382 S.W. 2d 930, and Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775, granting the petition of the appellant herein for writ of habeas corpus and directing that he be promptly remanded to the custody of the Sheriff of Fort Bend County to answer the indictment herein, he to be fully accorded the provisions of Art. 494 of the Texas Code of Criminal Procedure on his retrial.

While we do not find in the record any order appointing counsel to defend appellant, the record does reveal that he was represented by counsel, both at his trial before the court on his plea of guilty; at his retrial before a jury on his plea of not guilty, and on this appeal.

The judgment and sentence on his plea of guilty before the court recite that appellant was adjudged to be guilty of the offense of "attempted rape."

■ Appellant, having sought and obtained judgment in the Federal Court nullifying such conviction, is in no position to complain that he could not be retried under the same indictment for the offense therein charged.

The court, in his charge, instructed the jury to acquit appellant if they had a reasonable doubt as to whether he assaulted the prosecutrix and further instructed that even though the jury believed beyond a reasonable doubt that he did assault her, yet, if they had a reasonable doubt as to whether or not at the time he did so he had the specific intent to have carnal knowledge of her by force, without her consent and against her will, they would acquit appellant of the offense of assault with intent to rape. The court also charged the jury on aggravated assault.

The sufficiency of the evidence to sustain the jury's finding that appellant assaulted the prosecutrix with the specific intent to have carnal knowledge of her by force and without her consent is challenged.

■ The statement of facts reveals that the prosecutrix was the wife of an assistant warden at Central State Farm; that appellant, a convict and a "trustee", was a "house boy" in her home. He had access to the outside and was free to walk out of the house and around the yard.

The assistant warden returned to work after lunch, on the day named in the indictment, leaving his wife, the prosecutrix, alone with their five year old daughter. Appellant, having locked or latched the doors of the house on the inside, called to the prosecutrix from the end of the hall and told her that she was wanted at the front of the house. As she passed him in the hall appellant grabbed her and held her "very tightly against him" and held a butcher knife at her throat. She started screaming and he momentarily loosened his hold upon her and she ran a few steps; he grabbed her again and held the knife to her throat again. Still screaming, she tried to go out a door but found it locked. Appellant grabbed her again and shoved her down on a divan several times. She continued to scream and appellant finally desisted and fled from the house, breaking the latched screen door through which he left.

Sitting in his car in front of the unit where convicts were confined, Warden Husband heard a woman screaming. He saw the prosecutrix and went to look for appellant and found him.

Appellant did not testify and offered no evidence.

While appellant said nothing during the attack, but merely made grunting sounds while holding her close in a manner she demonstrated before the jury, the evidence, including the latched doors which would prevent anyone from entering, and the absence of any restraint upon appellant leaving the house at will, is deemed sufficient to

sustain the jury's finding that appellant had the specific intent to have carnal knowledge of the prosecutrix by force and without her consent.

The judgment is affirmed.