Leon Bennie **ELLIOTT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42043.

Court of Criminal Appeals of Texas.

May 21, 1969.

Rehearing Denied July 16, 1969.

Second Rehearing Denied Oct. 15, 1969.

Ashley, Laubach & Watrous, by Jimmy D. Ashley, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to rape; the punishment, 40 years.

Appellant's grounds of error present the contention that the evidence is insufficient to establish beyond a reasonable doubt "the specific intent to commit the crime of rape"; the contention that the court reversibly erred in allowing the jury to consider appellant's confession as evidence of his specific intent; the contention that the court erred in admitting appellant's confession; and the contention that the court erred in failing to submit appellant's requested charge on corroboration of a confession.

Also raised as ground of error is the admission in evidence of a .22 caliber pistol and of the "in court" identification made by the prosecutrix and the witness Brand which appellant contends were the result of a "show-up" conducted in such a manner as to be a denial of due process.

The state's evidence includes the following:

The complaining witness, an 18 year old secretary employed at NASA, on her way to see a girl friend who had just got home from work, noticed a truck following her. After blinking its lights the driver of the truck pulled in front of her and stopped, then backed up and rammed into the front of the complainant's car. Thereafter appellant, in full view of her headlights, came to the side of her automobile, opened the door on the driver's side which triggered the interior lights making possible a full face identification of appellant as the driver of the truck, which she described as an old, dark pickup.

The witness testified that appellant told her to get out of her car. When she refused, he threatened to blow her brains out and made a second threat that he would shoot her, then opened the door and jerked the girl out of her car and started dragging her toward his truck.

The complainant, resisting and struggling, asked what he wanted and could he talk to her or something. Appellant told her again to shut up or he would shoot her and continued dragging her to his truck.

He pushed her against the seat and the girl started screaming. He stuck his finger in her mouth and she bit it. This angered appellant and he started beating her. She was thrown to the ground and the blows to her head were continued.

Her head injuries required 3 or 4 stitches. Her eye was blackened and she had other severe bruises. In her successful struggle to escape from appellant's clutches, the complaining witness sustained a broken wrist.

As the girl was running away, fearful of being shot in the back because of the threats made to her, appellant got in his truck and drove away.

The complainant ran to a nearby house and the police were notified.

The assault was committed about 30 minutes after midnight. Some two hours later, at a point some 25 miles from the scene of the assault, appellant was stopped

because of a defective taillight. About an hour later he was released to the Baytown authorities.

Appellant's written statement was introduced in evidence in which he confessed: "I told her if she did not get out of the car I would kill her," and confessed: "When she jerked loose from me she hit the back of the truck and fell to the ground. I *seen* a light come on in a house and I got in my truck and left. My intentions when I stopped this woman was to get her in my truck and try to get a date with her. I mean a date for immoral purposes. If she refused me I was going to force her to have sexual relations."

Appellant's testimony which raised his defense of alibi was not supported by the testimony of another witness.

In rebuttal the state called the witness Mrs. Brand who identified appellant as the man who drove a black truck and who, shortly before midnight, tried to run her off the road by cutting in front of her car. She testified that he finally stopped in front of her, then threw his truck in reverse and backed into her car, got out and came to her car and asked if she was alone. She told him no, that her baby was with her and would he please leave her alone. He "said he was fixing to drag our cars off the road."

Appellant, with a pistol in his hand, began to walk to his truck, Mrs. Brand saw the headlights of an oncoming car and jumped out in the road in front of the car to stop it. The car stopped and she started screaming for help. The driver of the car asked "What seems to be the trouble?" Appellant answered "We had a little accident, I can't seem to get these bumpers unhooked."

The driver of the car got out and assisted appellant in releasing the bumpers and Mrs. Brand "took off and left them standing there."

Mrs. Brand testified that the pistol identified as State's Exhibit 4 was similar to the gun she saw in appellant's hands. The pistol which had been introduced in evidence as State's Exhibit 4 was found in the black Dodge pickup truck, old model, which appellant was driving when arrested.

Prior to admitting appellant's confession in evidence, the trial judge conducted a hearing in the jury's absence and after hearing all of the evidence introduced, made and filed findings of fact and law in which he found beyond a reasonable doubt that prior to the making of the statement appellant was taken before Judge Barney L. Ward, a judge of the corporation court in the City of Baytown, and that said magistrate informed him of the accusation against him; of his right to retain counsel; his right to remain silent; of his right to have an attorney present during any interview with peace officers or any other governmental agency; of his right to request appointment of counsel if he was indigent and could not afford counsel; of his right to an examining trial and that he was not required to make a statement, and any statement made by him may be used against him.

The trial court further found that prior to making such statement, appellant was warned by Sgt. H. H. Steele, the person to whom the statement was made, prior to any questioning of him by police while he was under arrest, that he could remain silent and did not have to make any statement at all and that any statement he made may and probably would be used in evidence against him on his trial or trials for the offense or offenses concerning which the statement was made; and that he had the right to the advice of a lawyer while law enforcement officers were questioning him while under arrest or in custody; and to a free lawyer if he could not afford to hire one; and that appellant knowingly, intelligently and voluntarily waived such rights prior to and during the making of the statement.

Also the court found that the statement was made by appellant freely, volun-

tarily and without compulsion, persuasion, threats, assault or battery, or promises or any combination thereof or any other conduct or treatment on the part of any person either at or before the making and signing of said statement.

The court further concluded that such statement was voluntarily given in accordance with all requirements of the Constitution and Statutes of the United States and the State of Texas and in particular in accordance with the Rules of Criminal Procedure of the State of Texas, and was admissible as a matter of law.

■ The fact that appellant was informed that he had been accused of the offense of "attempted kidnapping and attempted rape," rather than "the offense he was to be charged with committing," did not render the confession inadmissible.

Appellant contends that the warnings given appellant do not comply with Arts. 15.17 and 38.22 Vernon's Ann.C.C.P. and the dictates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in that: (1) He was not advised of his right to have an attorney present during any interview with the peace officers or attorneys representing the State of Texas.

Sgt. Steele of the Baytown Police Department, to whom the confession was made, testified that he advised appellant that he had the right to have a lawyer present to advise him prior to any questioning or during any questioning.

(2) Appellant was not advised of his right to terminate the interview at any time.

Sgt. Steele testified that he told appellant "You have the right to terminate the interview at any time."

(3) Appellant was not given a reasonable time and opportunity to consult with counsel.

Sgt. Steele testified that after giving the warning he asked appellant if he wanted

to waive his rights to counsel being present, and appellant indicated that he did not desire to have any counsel present.

Appellant's next contention is that the confession was inadmissible for the reason that he had requested to call an attorney prior to giving it.

The record reflects that appellant called Baytown Attorney Ervin Flowers at 4:05 A.M. Mr. Flowers testified that he arrived at the police station between 8 and 9 A.M. and talked to appellant who told him that he had not made a statement; that he did not enter into a contract with appellant but did advise him not to make a statement.

The record further reflects that after the warnings had been given and appellant had executed a sworn acknowledgment that he had been warned by a magistrate at 4 A.M., and again by Sgt. Steele, and freely waived his right to an attorney and his right to remain silent, the statement was made starting at 9 A.M. and was signed and completed at 9:35 A.M.

■ The trial court resolved the issues of fact against appellant and the evidence sustains his findings and conclusions. The contention that the confession was inadmissible for any of the reasons stated, or by reason of the remaining contention, that in considering the totality of the circumstances it was not voluntarily given, is overruled.

The issue of the voluntariness of the confession raised by appellant's testimony was submitted to the jury with appropriate instructions.

■ The confession being admissible, we find no merit in appellant's contention that the court erred in allowing the jury to consider such confession as evidence of his specific intent. The confession of an accused standing alone is not sufficient to sustain a conviction. The confession may, however, be used as evidence in establishing the corpus delicti. Watson v. State,

154 Tex.Cr.R. 438, 227 S.W.2d 559; 24 Tex.Jur.2d, Evidence–288, Sec. 675, note 2.

■ The evidence aside from the confession is deemed sufficient to sustain a finding that appellant made the assault upon the 18 year old girl with intent to rape. Johnson v. State, Tex.Cr.App., 397 S.W.2d 424. If not, the confession was available and could properly be used in aid of the other evidence to prove such intent. Watson v. State, supra; Pollan v. State, 157 Tex.Cr.R. 178, 247 S.W.2d 889.

■ The ground of error complaining of the refusal of a requested charge is overruled. If the charge on corroboration of the confession was error it was not calculated to injure defendant nor did such error, under the record herein, deprive appellant of a fair trial. Art. 36.19 V.A. C.C.P.

■ The court did not err in admitting in evidence the pistol found in a search with appellant's consent of the pickup truck he was driving on the night in question. 23 Tex.Jur.2d 305, Evidence, Sec. 197; Wilson v. State, Tex.Cr.App., 436 S.W.2d 542.

Appellant's remaining ground of error complains that the "in court" identifications made by the complainant and the witness Mrs. Brand were the result of a "show-up" conducted in such manner as to be a denial of due process.

The record reflects that both the complainant and Mrs. Brand were called to the Baytown Police Station at about 4 A.M. and saw appellant in the lobby of the station. No other person was presented as their attacker.

The record clearly reflects that the in-court identification of appellant was not the fruit of an earlier identification and the state did not attempt to support their in-court identification by any reference to the prior identification at the police station or any other identification. At no time and in no manner did the police indicate that they had the man who they thought assaulted the prosecutrix. We quote from a portion of her cross-examination in the absence of the jury:

"Q. (By Mr. Ashley) After your mother talked to the police, you were fairly sure at that time, were you not, that you were going to see the man who had attacked you, were you not?

"A. I didn't know. I hadn't seen him yet. They could have picked up any of fifteen hundred who were driving down the street."

The complainant had no difficulty in identifying appellant as her assailant, either at the police station or at the trial.

■ The in-court identification, being of independent origin, was purged of any taint, if there was such, arising from the confrontation at the police station.

The judgment is affirmed.

## ON MOTION FOR REHEARING

ONION, Judge.

We remain convinced that this appeal was properly disposed of on original submission.

We do note that the confrontation in the case at bar occurred on February 28, 1967, prior to the effective date (June 12, 1967) of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Appellant's claim that the confrontation resulted in such unfairness that it infringed his right to due process of law is independent of the exclusionary rules announced in Wade and Gilbert.

■ A claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances

surrounding it. Stovall v. Denno, supra; Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402; Crume v. Beto, 5 Cir., 383 F.2d 36; Graham v. State, Tex. Cr.App., 422 S.W.2d 922; Cobbins v. State, (concurring opinion) Tex.Cr.App., 423 S. W.2d 589; Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Evans v. State, Tex.Cr. App., 444 S.W.2d 641.

This test is to be distinguished from the test set forth in Gilbert and Wade for determining whether the in-court identification is of an independent origin or source. See Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; Evans v. State, supra.

Applying this test of the "totality of the circumstances" to the confrontation or showup in the case at bar, we are unable to conclude that there was a violation of due process of law.

Appellant's motion for rehearing is overruled.