*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00278-CR

Juan L. **CABALLERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-10255
Honorable Mary Román, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:   April 8, 2009

AFFIRMED IN PART AND VACATED IN PART

Juan Caballero was convicted of one count of burglary of a habitation with intent to commit

sexual assault and one count of burglary of a habitation with intent to commit theft.  On appeal,

Caballero asserts there is legally and factually insufficient evidence to support his conviction for

burglary of a habitation with intent to commit sexual assault.  Although we conclude the evidence

is legally and factually sufficient to support Caballero's conviction for burglary of a habitation with

intent to commit sexual assault, we must modify the judgment to vacate Caballero's conviction for burglary of a habitation with intent to commit theft because his two burglary convictions violate Caballero's right to be free of double jeopardy.

## BACKGROUND

The victim, Courtney Mann, lived in San Antonio, Texas with her two children. Approximately nine months after moving into her home, Mann began to see Caballero walking past her residence. Caballero initiated contact with Mann on April 6, 2006, while she was in her yard. The record reflects that Mann was in her yard picking up a rake when she heard a man's voice say, "don't work too hard."[1] Mann, who was startled by the man's voice, screamed. When Mann turned around to see who was behind her, she observed Caballero standing eight feet away. Cabellero told Mann to have a nice day and walked away.

The next day, on April 7, 2006, Mann noticed Caballero outside her home. Caballero, who was staring at Mann's residence and pacing back and forth, approached the home and peered into Mann's window. Caballero stared through the window at Mann for approximately 15 seconds before he left Mann's property.

Mann fell asleep on the living room couch that night. Mann was awakened from her sleep, however, by the sound of footsteps inside her home. Shortly thereafter, Mann saw Caballero in her living room. Mann observed Caballero go into her kitchen and heard him lock the back door to the house. When he returned to the living room, Caballero was carrying a knife and a brown bag containing two bottles of champagne.

---

[1] At the time of the contact, Mann was wearing running shorts and an exercise top over a bathing suit.

Mann, who was unable to complete a call to 911, jumped up from where she was lying and started to scream. Mann called for help and told Caballero that he did not belong inside her home. Caballero grabbed Mann's left arm and asked Mann if she wanted to have a drink. Mann responded by punching Caballero in the face and kicking him in the legs.

As Mann tried to escape, Caballero came at her and told her "wait, wait, it's going to be okay." Caballero continued to grab at Mann, but she kept throwing punches at him. When Mann reached her front door, she grabbed a baseball bat and struck Caballero on the back of his head. Caballero ran into Mann's front yard and collapsed. Mann immediately ran back inside her home and called 911. Caballero fled before the police could respond.

Mann gave the police Caballero's description, and officers apprehended Caballero a short while later when a police search dog found Caballero in a nearby shed, hiding under a mattress. Mann positively identified Caballero as the intruder in her home.[2] Caballero was charged with one count of burglary of a habitation with intent to commit sexual assault (count one) and one count of burglary of a habitation with intent to commit theft (count two). The indictment also contained an enhancement allegation. A jury found Caballero guilty of both offenses. Caballero pleaded true to the enhancement allegation and the jury assessed punishment at 60 years confinement as to count one of the indictment and 35 years as to count two.

## SUFFICIENCY OF THE EVIDENCE

In two issues, Caballero claims the evidence is legally and factually insufficient to support his conviction for burglary of a habitation with intent to commit sexual assault. Caballero does not

---

[2] Caballero maintained that he was injured in a bar fight and that he had mistakenly entered Mann's home, thinking the home belonged to his friend.

raise any complaints concerning his conviction for burglary of a habitation with intent to commit theft.

When considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hernandez v. State*, 198 S.W.3d 257, 260 (Tex. App.—San Antonio 2006, pet. ref'd). We affirm the trial court's judgment if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). When considering a factual sufficiency challenge, we look at the evidence in a neutral light giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

A person commits burglary if, without the effective consent of the owner, he enters a habitation with the intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). The indictment charged Caballero with having entered Mann's habitation with intent to commit sexual assault, which is a felony. *Id.* § 22.011(f). A person commits the offense of sexual assault if he intentionally or knowingly "causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's

consent; or causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." *Id.* at (a).

Intent is an essential element of the offense of burglary, which the State must prove beyond a reasonable doubt. *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986); *Coleman v. State*, 832 S.W.2d 409, 413 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). A defendant's intent to commit a felony must exist at the time of and accompany the entry into the habitation. *Conrad v. State*, 154 Tex. Crim. 624, 230 S.W.2d 225, 226 (1950). The jury is exclusively empowered to determine the issue of intent, and the events of a burglary may imply the intent with which the burglar entered. *Coleman*, 832 S.W.2d at 413. A defendant's intent to commit an offense "may be inferred from [his] acts, words and conduct." *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991).

Caballero argues the evidence is legally and factually insufficient to show his intent to sexually assault Mann because there was no sexual connotation to his interaction with the complainant. Caballero asserts his conviction cannot stand because there is no evidence demonstrating he: (1) exhibited his genitals to Mann; (2) verbally indicated to Mann that he wanted to engage in sexual intercourse; (3) removed his clothing; (4) removed or attempted to remove Mann's clothing; or (5) touched Mann's genitals. However, such evidence is not necessary to support a finding of intent to commit sexual assault. *See Johnson v. State*, 397 S.W.2d 424, 425-26 (Tex. Crim. App. 1966) (concluding evidence was sufficient to support conviction for assault with intent to rape where defendant locked doors to prevent others from entering house, said nothing, held the complainant very tightly with a knife at her throat, and shoved complainant onto a couch several times before fleeing).

The evidence in this case shows Caballero was seen around Mann's residence on multiple occasions, including the day before the burglary when Caballero was observed pacing outside Mann's home and peering into a window. The record reveals Caballero entered Mann's residence at nighttime (with two bottles of champagne), locked the doors to the home from the inside, and armed himself with a kitchen knife. When Mann confronted Caballero about his presence in her home, Caballero did not attempt to flee. Instead, Caballero grabbed Mann and asked her whether she wanted to have a drink with him. The record further shows Caballero tried to stop Mann from escaping and aggressively pursued her when she tried to get away from him. Having reviewed all the evidence, we hold there is legally and factually sufficient evidence from which the jury could have reasonably inferred Caballero intended to sexually assault Mann. *See Johnson*, 397 S.W.2d at 425-26. Accordingly, we overrule Caballero's issues challenging the sufficiency of the evidence.

### DOUBLE JEOPARDY

Although we conclude the evidence is legally and factually sufficient to support Caballero's conviction for burglary of a habitation with intent to commit sexual assault, we must modify the judgment to vacate Caballero's conviction for burglary of a habitation with intent to commit theft because his two burglary convictions violate Caballero's right to be free of double jeopardy. *See Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008) (recognizing "Appellate courts have the jurisdiction and authority to review unassigned error" and "In the case of a double-jeopardy violation, the issue may be addressed as an unassigned error when the violation is apparent from the face of the record"). Both counts against Caballero arose from a single unlawful entry. When a defendant is convicted of multiple counts of burglary based on a single unlawful entry, he suffers multiple punishments for the same offense. *See Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim.

App. 2006) ("Applicant's convictions violate double jeopardy because he was punished multiple times for a single unlawful entry."). Generally, when a defendant is convicted of multiple offenses that are the "same" for double jeopardy purposes, the conviction for the "most serious" offense should be retained and the other convictions should be set aside. *Id.* It is clear from the record that Caballero's conviction for burglary of a habitation with intent to commit sexual assault constitutes the "most serious" offense of conviction. We therefore must retain Caballero's conviction for burglary of a habitation with intent to commit sexual assault and vacate his conviction for burglary of a habitation with intent to commit theft.[3]

### CONCLUSION

Based on the foregoing, we vacate the judgment of conviction for burglary of a habitation with intent to commit theft and affirm the judgment of conviction for burglary of a habitation with intent to commit sexual assault.

Catherine Stone, Chief Justice

Publish

---

[3] The State concedes in a post-submission letter brief that we must vacate Caballero's conviction for burglary of a habitation with intent to commit theft.