

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00024-CR

Pete **LONGORIA-LEAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 18-06-093-CRW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: November 20, 2019

AFFIRMED

A jury found appellant Pete Longoria-Leal guilty of driving while intoxicated, third offense or more, and the trial court sentenced him to fifteen years' imprisonment. On appeal, Longoria-Leal argues that the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

### BACKGROUND

Shortly before 1:00 a.m. on November 17, 2017, Department of Public Safety Trooper Anthony Flores saw a pickup truck driven by Longoria-Leal heading north in the southbound lanes

of a divided highway. Trooper Flores, who was on the other side of the highway, drove to a crossover between the northbound and southbound lanes and "slowly rolled and pulled in front of the pickup truck" to try to force Longoria-Leal into the crossover. Longoria-Leal stopped, but Trooper Flores had to instruct him several times to move into the crossover before he complied. Trooper Flores's subsequent interaction with Longoria-Leal was captured by the videocamera in his patrol vehicle.

When Longoria-Leal got out of his truck, Trooper Flores noticed a "real strong odor of alcohol." Longoria-Leal told Trooper Flores he was traveling from Stockdale to Poth and that he had had three beers that night. When Trooper Flores asked him to point to where he had come from and where he was going, Longoria-Leal pointed in the wrong directions. Although it was a clear night, Longoria-Leal claimed he had been driving the wrong way because it was foggy. Trooper Flores observed that Longoria-Leal's speech was slurred, he was unsteady on his feet, and he had urinated in his pants. Trooper Flores described these observations as "[a]ll the indicators of somebody who had too much to drink."

Based on these signs of intoxication, Trooper Flores attempted to administer three standard field sobriety tests that evaluate a person's "mental and physical factors to make sure [the person is] safe to operate a motor vehicle." The first test, the horizonal gaze nystagmus ("HGN") test, required Longoria-Leal to follow Trooper Flores's finger with his eyes, without moving his head. Longoria-Leal could not successfully complete the HGN test because he did not follow Trooper Flores's repeated instructions not to move his head. He also could not perform the second test Trooper Flores attempted, a walk and turn test, because he stumbled while trying to stand in a heel-to-toe position. Since Longoria-Leal could not stand heel-to-toe, Trooper Flores believed it was unsafe to attempt the third standard test, which would have required Longoria-Leal to stand on one leg.

Because Longoria-Leal could not safely perform the walk and turn or one-legged stand tests "and in consideration of his age"—68 years old—Trooper Flores asked Longoria-Leal to recite the alphabet from A to Z and to count from one to four while touching his thumb to each of his fingers. Trooper Flores testified that like the standard tests, these alternate tests allow him to evaluate a driver's use of his physical and mental faculties. Longoria-Leal could not successfully complete either alternate test. Trooper Flores then concluded that Longoria-Leal was intoxicated, so he arrested him. Because Longoria-Leal had multiple previous convictions for driving while intoxicated, the State indicted him for the felony offense of driving while intoxicated, third offense or more.

At trial, the jury heard Trooper Flores's testimony about what he observed on November 17, 2017 and why he concluded Longoria-Leal was intoxicated. The jury also saw the video from the camera in Trooper Flores's patrol vehicle, which showed Trooper Flores's initial contact with Longoria-Leal, his attempts to have Longoria-Leal perform the standard field sobriety tests, and Longoria-Leal's inability to complete the two alternate tests. Finally, the jury reviewed evidence that Longoria-Leal had previously been convicted of driving while intoxicated in 1986 and 1988. After considering the evidence, the jury found Longoria-Leal guilty of driving while intoxicated with two prior convictions. The trial court ultimately sentenced him to fifteen years' imprisonment. This appeal followed.

## ANALYSIS

### Standard of Review

In reviewing a complaint that the evidence presented at trial is legally insufficient to support a jury's guilty verdict, we must determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319

(1979)); *Caballero v. State*, 292 S.W.3d 152, 154 (Tex. App.—San Antonio 2009, pet. ref'd). We view the evidence in the light most favorable to the jury's guilty verdict and resolve all reasonable inferences from the evidence in its favor. *Tate v. State*, 500 S.W.3d 410, 417 (Tex. Crim. App. 2016). "Because the jury is the sole judge of witness credibility and determines the weight to be given to testimony," we must defer to its determinations. *Hines v. State*, 383 S.W.3d 615, 623 (Tex. App.—San Antonio 2012, pet. ref'd). "If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm the trial court's judgment." *Hernandez v. State*, 198 S.W.3d 257, 260 (Tex. App.—San Antonio 2006, pet. ref'd).

### *Applicable Law*

A person commits the offense of driving while intoxicated, third offense if he is intoxicated while operating a motor vehicle in a public place and he has two or more previous convictions relating to operating a motor vehicle while intoxicated. TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2); *Hines*, 383 S.W.3d at 623. The State meets its burden of showing intoxication if it demonstrates that the defendant either: (a) lacked "the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body"; or (b) had "an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2). Proof of a defendant's blood alcohol concentration is not necessary if the State shows beyond a reasonable doubt that the defendant lacked "the normal use of [his] mental or physical faculties by reason of introduction of alcohol into [his] body at the time [he] drove." *Stewart v. State*, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004).

### *Application*

It is undisputed that Longoria-Leal had two previous convictions for driving while intoxicated and that he was operating a motor vehicle in a public place when Trooper Flores stopped him. As a result, the only issue in this appeal is whether the State presented evidence that would allow a rational trier of fact to conclude beyond a reasonable doubt that Longoria-Leal was

intoxicated when Trooper Flores pulled him over. Longoria-Leal complains that the evidence does not support that finding because: (a) the State did not present evidence of his blood alcohol concentration; (b) Trooper Flores did not properly perform the field sobriety tests; and (c) Trooper Flores's opinion that Longoria-Leal was intoxicated is the only admissible evidence that supports the jury's verdict.

We hold the evidence presented at trial is sufficient to support the verdict. "Evidence of blood alcohol concentration or field sobriety tests is not necessary to sustain a conviction for DWI." *Fryer v. State*, 580 S.W.3d 300, 303 (Tex. App.—Houston [14th Dist.] 2019, no pet.). It is well-established that the State can show that a defendant was intoxicated based on testimony from an experienced officer who "ha[s] on numerous occasions observed persons under the influence of alcoholic beverages" and who observed the defendant during the relevant time. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Shannon v. State*, 800 S.W.2d 896, 902 (Tex. App.—San Antonio 1990, pet. ref'd); *see also Fryer*, 580 S.W.3d at 303 ("The State may prove intoxication by lay opinion testimony."). Here, Trooper Flores testified that he has encountered "[h]undreds" of intoxicated individuals in his 22 years as a state trooper, both during his training and in the field. On the night in question, he observed Longoria-Leal driving on the wrong side of the road. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010) (identifying "erratic driving" as "evidence that would logically raise an inference that the defendant was intoxicated"). He also observed that Longoria-Leal admitted to drinking three beers, smelled strongly of alcohol, slurred his words, could not correctly identify the direction in which he claimed to be heading, and was unsteady on his feet. *See State v. Mechler*, 153 S.W.3d 435, 441 (Tex. Crim. App. 2005) (holding that when a driver rolls through a stop sign, smells of alcohol, and admits drinking "'[a] little,'" those factors are probative evidence of intoxication). Based on his experience and his personal observations of Longoria-Leal, Trooper Flores concluded that Longoria-Leal had "lost

his mental and physical factors [*sic*] and was, in fact, intoxicated." This testimony is sufficient to allow a rational factfinder to conclude beyond a reasonable doubt that Longoria-Leal was intoxicated. *See Adames*, 353 S.W.3d at 860.

Furthermore, even if Trooper Flores's testimony were not sufficient on its own, the jury saw video of Longoria-Leal's interaction with Trooper Flores. Based on that video, the jury was able to determine for itself whether Longoria-Leal's behavior appeared to be the result of intoxication. *See Zill v. State*, 355 S.W.3d 778, 788 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Russell v. State*, 290 S.W.3d 387, 397 (Tex. App.—Beaumont 2009, no pet.). When viewed in the light most favorable to the jury's verdict, this evidence was sufficient for a rational factfinder to conclude beyond a reasonable doubt that Longoria-Leal was intoxicated. *See Tate*, 500 S.W.3d at 417.

## CONCLUSION

We affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH