

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00749-CR

Modesto Celestino **GRANGER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR2094
Honorable Jefferson Moore, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: November 20, 2019

AFFIRMED

A jury convicted appellant Modesto Celestino Granger of aggravated robbery. Granger challenges his conviction, arguing the evidence is legally insufficient to show he used or exhibited a deadly weapon during the robbery. We affirm the trial court's judgment.

## BACKGROUND

Granger was indicted on one count of aggravated robbery. The indictment alleges that while in the course of committing theft, Granger intentionally and knowingly placed the

complainant, George Aldana, in fear of imminent bodily injury and death and that he used and exhibited a deadly weapon—a knife—while doing so. Granger pleaded not guilty.

At trial, Aldana testified that on the night in question, Granger tried to return an item at the auto parts store where Aldana worked, but Aldana refused to process the return. Granger briefly went outside to his truck, then re-entered the store and began browsing. When Aldana saw Granger wrapping multiple pairs of work gloves inside a pair of floor mats, he did not know if Granger was preparing to run with the items or simply had too much in his hand, so he offered Granger a shopping basket. Granger refused the basket and began moving toward Aldana and the store's exit. Aldana testified that when the two men were approximately five feet apart, Granger used his free hand to pull "a little shiny object" out of his pocket and then made "[a] cross-body motion from the right side of his body to the left" in Aldana's direction with the object. Aldana testified that Granger's action "scared" him and that he felt threatened and took "a big step back" because he "wasn't trying to get hurt over some $20 gloves." Granger then ran out of the store. He bumped into the door and dropped the object he had used to slash at Aldana, but he left with the work gloves and floor mats. The police later found those items in a nearby wooded area.

Aldana testified that when he approached the door, he saw that the object Granger had dropped was a knife. Aldana also testified that if Granger had been "a little closer" to him, the slashing motion Granger made with the knife could have "hit my arm, could have hit any part of my upper torso." Both the knife itself and pictures of the knife were admitted into evidence at trial.

The jury ultimately found Granger guilty of aggravated robbery, and the trial court sentenced him to 35 years' confinement. This appeal followed.

## ANALYSIS

### *Standard of Review*

In reviewing a complaint that the evidence presented at trial is legally insufficient to support a jury's guilty verdict, we must determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Caballero v. State*, 292 S.W.3d 152, 154 (Tex. App.—San Antonio 2009, pet. ref'd). We view the evidence in the light most favorable to the jury's guilty verdict and resolve all reasonable inferences from the evidence in its favor. *Tate v. State*, 500 S.W.3d 410, 417 (Tex. Crim. App. 2016). "Because the jury is the sole judge of witness credibility and determines the weight to be given to testimony," we must defer to its determinations. *Hines v. State*, 383 S.W.3d 615, 623 (Tex. App.—San Antonio 2012, pet. ref'd). "If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm the trial court's judgment." *Hernandez v. State*, 198 S.W.3d 257, 260 (Tex. App.—San Antonio 2006, pet. ref'd).

### *Applicable Law*

A person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02(a)(2). He commits aggravated robbery if, inter alia, he "uses or exhibits a deadly weapon" while committing robbery. *Id.* § 29.03(a)(2). The Texas Penal Code defines "deadly weapon" as, inter alia, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B).

"A knife is not a deadly weapon per se." *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983); *see also Rivera v. State*, 271 S.W.3d 301, 304 (Tex. App.—San Antonio 2008, no

pet.). However, the State can establish that a knife is a deadly weapon by showing that "the person using it intends to use it in a way in which it would be *capable* of causing death or serious bodily injury." *Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio 2007, pet. ref'd) (emphasis added). When the victim does not sustain injury, the State must rely on other factors to establish that a knife was a deadly weapon. *Id.* Factors to be considered include: (a) the size, shape, and sharpness of the blade; (b) the manner of the knife's use or intended use; (c) evidence of its life-threatening capabilities; (d) the distance between the knife and the victim; and (e) any words spoken by the person using the knife. *Id.* When the State offers the knife in question into evidence, the jury may "consider its size and shape" in determining whether it is a deadly weapon. *Clark v. State*, 444 S.W.3d 671, 678 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

### *Application*

On appeal, Granger does not dispute that the evidence supports a finding that he committed robbery and that he displayed a knife during the robbery. He contends, however, that the evidence is legally insufficient to show the knife was a deadly weapon and therefore does not support the jury's finding that he committed aggravated robbery. He primarily bases this contention on a claim that there is no evidence of the knife's length, sharpness, or capability of causing injury. *See Magana*, 230 S.W.3d at 414.

We disagree. The record shows—and Granger concedes—that the knife itself was introduced into evidence. Because the knife was introduced into evidence, the jury was able to observe its size, shape, and sharpness and determine whether it was capable of causing injury. *See Clark*, 444 S.W.3d at 678; *Williams v. State*, 732 S.W.2d 777, 779 (Tex. App.—Corpus Christi–Edinburg 1987, no pet.). Moreover, we have previously held that "the manner of [an object's] use or intended use" is a relevant factor in determining whether the object is a deadly weapon. *Magana*, 230 S.W.3d at 414. Here, Granger concedes that "there is evidence showing [he] displayed the

knife in a manner establishing intent to use it." We hold that this evidence is sufficient to allow a rational factfinder to conclude beyond a reasonable doubt that the knife was a deadly weapon. *See Brooks*, 323 S.W.3d at 894–95; *Caballero*, 292 S.W.3d at 154.

Granger also argues that the evidence is legally insufficient to support his conviction because he "was over five feet away from [Aldana] when he made the cross-body motion and made no threats." Although these are relevant factors in a deadly weapon determination, the ultimate issue is whether the object in question is "*capable* of causing death or serious bodily injury." TEX. PENAL CODE § 1.07(a)(17)(B) (emphasis added); *Magana*, 230 S.W.3d at 414. Based on our review of the record, we hold that a rational trier of fact could conclude that the knife in this case was capable of causing death or serious bodily injury, even after considering Granger's physical distance from Aldana and the fact that he made no verbal threats. TEX. PENAL CODE § 1.07(a)(17)(B); *Magana*, 230 S.W.3d at 414. We therefore overrule Granger's sufficiency complaint.

## CONCLUSION

We affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH