

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00386-CR

---

KENDRICK DUJUAN REAGOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from Criminal District Court Number 3
Tarrant County, Texas[1]
Trial Court No. 1786545, Counts 1, 2, & 3, Honorable Steve Jumes, Presiding

---

October 15, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following pleas of not guilty to a three-count indictment for burglary, Appellant Kendrick Dujuan Reagor, was convicted by a jury of only Count 1—burglary of a habitation with intent to commit sexual assault. The conviction was enhanced by a prior felony,[2]

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE §§ 30.02(d), 12.42(c)(1).

with an affirmative finding on use of a deadly weapon, to-wit: a firearm.[3]  Punishment was assessed by the trial court at confinement for life.  By two issues, Appellant maintains (1) the evidence is insufficient to prove burglary of a habitation because it failed to prove he entered and had the intent to commit sexual assault and (2) the judgment is invalid because the jury failed to make findings of either "guilty" or "not guilty" in the verdict forms for Counts 2 and 3.  We affirm as modified.

## BACKGROUND

Appellant has a criminal history including a conviction for aggravated sexual assault of a child resulting in him being a registered sex offender.  In May 2023, he allegedly stalked a female living at an apartment complex.  She called police and Appellant was stopped and questioned but no reason was found to arrest him.

Appellant was then accused of stalking another female, the complainant, at an apartment complex across from the one where the other female lived.  The complainant lived in a ground floor studio apartment.  She testified she saw Appellant one afternoon but after she parked her car, he was gone.  She changed into a bikini to go swimming at her parents' home.  When she returned to her apartment a few hours later, she again saw Appellant while parking her vehicle.  She was still in her bikini.  She exited her vehicle and made her way to her apartment and as she tried to close the door, Appellant forced his way inside and locked the door behind him.  The complainant screamed at him, and he pointed a gun at her face and told her to be quiet.  She continued to scream and the two struggled.  He moved her toward her bed, threw her down, and straddled her.

---

[3] The affirmative finding is a clerical error and is deleted from the judgment.  *See infra*, page 10.

The complainant kept asking what he wanted and pleaded with him to get off her. He never spoke to her or gave a reason why he broke into her apartment. He put his hands on her mouth to try and silence her and also choked her. She fought back by grabbing his private parts. He eventually got off her and left which she attributed to her loud and persistent screams.

She called 911 and waited for police officers to arrive. She testified she had some minor injuries and pain but did not require hospitalization. Her neck and nails were swabbed for DNA, the results of which did not exclude Appellant as a contributor. The next day, she identified Appellant from a photo line-up.

A warrant was issued for Appellant and a few days later, a patrol officer stopped his vehicle. Appellant was handcuffed and detained. Once the warrant was confirmed, several officers conducted an inventory search of Appellant's vehicle. One of the officers found a black 9-millimeter handgun in the vehicle.[4]

After the State's case-in-chief, Appellant moved for a directed verdict on all three counts, which the trial court denied. The defense then presented its witnesses, including Appellant. The jury rejected Appellant's version of the event and convicted him.

**ISSUE ONE—SUFFICIENCY OF THE EVIDENCE**

Due process requires that a conviction be based on legally sufficient evidence. *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). The only standard a reviewing court should apply is whether a rational jury could have found each essential

---

[4] Appellant's brother testified he owned the gun found in Appellant's car and produced a bill of sale. He claimed he placed the gun in the car by mistake and Appellant was unaware of it.

3

element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence, we consider all evidence, direct and circumstantial and whether properly or improperly admitted, and view it in the light most favorable to the verdict. *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). In doing so, we compare the statutory elements as defined by a hypothetically correct jury charge. *Id.* The trier of fact is the sole judge of the credibility and weight to be attached to the evidence. *Id.* When the record supports conflicting inferences, we presume the trier of fact resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

The State was required to show Appellant, without the effective consent of the complainant, entered her habitation with intent to commit a felony, theft, or an assault. TEX. PENAL CODE § 30.02(a)(1). The felony offense of sexual assault is accomplished if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. § 22.011(a). Intent must be proven beyond a reasonable doubt and may be inferred from either the person's words, acts, or conduct and the surrounding circumstances. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). The events of a burglary may imply the intent with which the burglar entered, and the jury is

4

empowered to determine intent. *Coleman v. State*, 832 S.W.2d 409, 413 (Tex. App.—Houston [1st Dist.]1992, pet. ref'd).

The complainant testified she did not know Appellant's intentions when he broke into her apartment. She did not consider he may have attempted to sexually assault her until after she spoke with her family. She testified inconsistently that "clues had lead me to believe that he either, A, wanted to kill me or to rape me," and in response to the next question testified, "[h]e did not attempt to rape me, no." She further testified, "he didn't try to do anything."

One of complainant's neighbors testified he heard screaming and went outside his apartment but did not see anyone in distress. When the screams got louder, he went outside a second time and saw the complainant. He described her as "scratched up, in a bathing suit, like, half naked. Looked like it was trying to get ripped off . . . ."

Appellant testified in his own defense.[5] He claimed it was physically impossible for him to run or do what he was accused of due to a disability resulting from an accident. He explained he was stabbed in 2020 and "got behind the wheel, hit a concrete embankment under a bridge, broke my whole right leg from the ankle, shattered the vehicle, broke the fibula, tibia and femur, and shattered my hip."[6] He testified he has an

---

[5] He testified he had been in the area earlier because he was trying to buy "weed," which he did frequently, and denied stalking anyone.

[6] To support his testimony, photos of his injuries with explanations of his surgical procedures were admitted. All but two photographs, which the court found to be duplicative, were admitted over the State's objection the photos were more prejudicial than probative.

injured lung, gets short of breath easily, and walks with a limp. He insisted he could not have dragged the complainant across her apartment or wrestled her due to his disabilities.

Appellant further testified he knew the complainant because "she would do sexual favors for money." The State objected and defense counsel responded the testimony was related to the issue of Appellant's DNA being found on the complainant. The trial court overruled the State's objection but gave the jury a limiting instruction. Appellant then explained his DNA was found underneath the complainant's fingernails because she scratched him during a sexual encounter.

The State presented sufficient evidence for a factfinder to conclude Appellant entered the complainant's apartment with intent to commit sexual assault. He forced his way inside and locked the door. He threw her on the bed and straddled her all while using his hands to silence her. He threatened her with a gun. He also admitted he had previously engaged in sexual encounters with her. *See Johnson v. State*, 397 S.W.3d 424 (Tex. Crim. App. 1966) (finding evidence of defendant latching doors to prevent anyone from entering while shoving victim down and restraining her while threatening her with a butcher knife sufficient to show specific intent to have "carnal knowledge" by force); *Caballero v. State*, 292 S.W.3d 152, 155 (Tex. App.—San Antonio 2009, pet. ref'd) (rejecting the appellant's sufficiency argument that he had no intent to commit sexual assault because "there was no sexual connotation to his interaction" with the complainant).

The jury was free to resolve inconsistencies in the testimony, weigh the evidence, and draw reasonable inferences from basic facts. *Murray v. State*, 457 S.W.3d 446, 448

6

(Tex. Crim. App. 2015). This Court is required to consider the combined force of all the evidence. *Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012). Viewing the evidence in the light most favorable to the jury's verdict, we hold the evidence is sufficient to establish Appellant entered the complainant's apartment with intent to commit sexual assault. Issue one is overruled.

### ISSUE TWO—JURY VERDICT FORMS

Appellant maintains the jury's failure to make findings of either "guilty" or "not guilty" on Counts 2 and 3 render the judgment invalid. He argues his due process rights were violated because the jury entered only a partial judgment which necessitates review for harm under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). We disagree.

The application paragraphs of the jury charge provide as follows:

#### COUNT ONE

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, on or about the 28th day of June, 2023, in the County of Tarrant, State of Texas, did intentionally or knowingly, without the effective consent of [the complainant], the owner thereof, enter a habitation with intent to commit sexual assault, then you will find the defendant guilty of burglary with intent to commit sexual assault as charged in Count One of the Indictment and *will cease your deliberations*.

Unless you believe such beyond a reasonable doubt or you have a reasonable doubt, thereof, you will find the Defendant not guilty of Count One and next consider Count Two.

#### COUNT TWO

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, on or about the 28th day of June, 2023, in the County of Tarrant, State of Texas, did intentionally or knowingly, without the effective consent of [the complainant], the owner thereof, enter a habitation with intent to commit aggravated assault, and the defendant did use or exhibit a deadly

7

weapon, during the commission of the assault, namely, firearm then you will find the defendant guilty of burglary with intent to commit aggravated assault as charged in Count Two of the Indictment and *cease your deliberations.*

Unless you believe such beyond a reasonable doubt or you have a reasonable doubt, thereof, you will find the Defendant not guilty of Count Two and next consider Count Three.

## COUNT THREE

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, on or about the 28th day of June, 2023, in the County of Tarrant, State of Texas, did intentionally or knowingly, without the effective consent of [the complainant], the owner thereof, enter a habitation with intent to commit assault, then you will find the defendant guilty of burglary with intent to commit assault as charged in Count Three of the Indictment.

Unless you believe such beyond a reasonable doubt or you have a reasonable doubt, thereof, you will find the Defendant not guilty of Count Three.

The verdict forms submitted to the jury provide as follows:

## COUNT ONE

We, the Jury, find the Defendant, Kendrick Reagor, guilty of the offense of burglary of a habitation with intent to commit sexual assault as charged in Count One of the Indictment.

      _[foreperson signature]__
      FOREPERSON

-OR-

We, the jury, find the Defendant, Kendrick Reagor, not guilty of the offense charged in Count One of the Indictment.

      _____
      FOREPERSON

## COUNT TWO

We, the Jury, find the Defendant, Kendrick Reagor, guilty of the offense of burglary of a habitation with intent to commit aggravated assault with a deadly weapon as charged in Count Two of the Indictment.

_____
FOREPERSON

-OR-

We, the Jury, find the Defendant, Kendrick Reagor, not guilty of the offense as charged in Count Two of the Indictment.

_____
FOREPERSON

COUNT THREE

We, the Jury, find the Defendant, Kendrick Reagor, guilty of the offense of burglary of a habitation with intent to commit assault as charged in Count Three of the Indictment.

_____
FOREPERSON

-OR-

We, the Jury, find the Defendant, Kendrick Reagor, not guilty of the offense charged in Count Three of the Indictment.

_____
FOREPERSON

Following deliberations, the jury found Appellant guilty of only Count 1 and the verdict form was signed by the foreperson. As instructed by the court's charge, the jury ceased deliberations based on its finding and left the verdict forms for Counts 2 and 3 blank and unsigned.

**APPLICABLE LAW**

"A 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case." TEX. CODE CRIM. PROC. art. 37.01; *Blunston v. State*, __ S.W.3d __, No. AP-77-067, 2025 Tex. Crim. App. LEXIS 297, at *111 (Tex. Crim. App. May 7, 2025). An

9

error in the verdict form that fails to correctly set forth the law applicable to the case is cognizable on appeal. *Jennings v. State*, 302 S.W.3d 306, 309 (Tex. Crim. App. 2010). Such an error is reviewable under the *Almanza* test. *Callins v. State*, 780 S.W.2d 176, 190–91 (Tex. Crim. App. 1989). When an alleged jury charge error is not brought to the trial court's attention, reversal is required only if the defendant suffered egregious harm. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). Egregious harm exists if the error "affects the very basis of the defendant's case, deprives him of a valuable right, or vitally affects a defensive theory." *Id.*

Appellant asserts the blank verdict forms for Counts 2 and 3 invalidate the judgment of conviction for Count 1. We disagree. The jury was instructed to *cease its deliberations* if it found Appellant guilty of Count 1. (Emphasis added). The jury found Appellant guilty of Count 1 and followed the trial court's instructions to cease deliberating, dispensing with the need to make findings on Counts 2 and 3. Thus, we find the trial court did not err in providing verdict forms for Counts 2 and 3. Finding no error, *Almanza* does not apply. The judgment of conviction is not invalidated by the jury's failure to make findings on those Counts. Issue two is overruled.

### REFORMATION OF JUDGMENT

During the charge conference, the State announced it was abandoning the deadly weapon language in Count 1 as superfluous. The trial court granted the request.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts

10

have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30. Thus, we modify the trial court's judgment to delete "Yes, A Firearm" in the summary portion under "Findings on Deadly Weapon."

The trial court is ordered to enter a judgment to reflect this reformation, and the trial court clerk is directed to provide a copy of the corrected judgment to Appellant, the Institutional Division of the Texas Department of Criminal Justice, and this Court.

As modified, the trial court's judgment is affirmed.


                                            Alex Yarbrough
                                            Justice

Do not publish.